RANDAZZA | LEGAL GROUP

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMANDA JONES,<br>Plaintiff,<br>v.<br>DAN KLEINMAN,<br>Defendant. | Civil Action No. 2:24-CV-10750-BRM-JSA<br><br>**AMENDED ANSWER TO COMPLAINT** |

Defendant Dan Kleinman, by and through his counsel of record, submits this Amended Answer to Plaintiff's Complaint as follows:

## INTRODUCTION

1. Admitted that Dan Kleinman authors a blog called SafeLibraries reporting on the radicalization of American libraries. Admitted that Kleinman posts on X using the handle @SexHarassed. Otherwise, denied.

2. Admitted that Kleinman has posted about Jones. Those posts speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

3. Admitted that Kleinman has appeared on Louisiana talk radio, has traveled to Louisiana, and has contacted Live Oak Middle School. Otherwise, denied.

4. Denied.

5. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

6. Denied.

7. Without knowledge as to Jones' rationale for filing this lawsuit, therefore denied. Otherwise, denied.

RANDAZZA | LEGAL GROUP

## PARTIES

8. Without knowledge, therefore denied.

9. Documents referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents, denied.

## SUBJECT MATTER JURISDICTION

10. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

## VENUE

11. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

## PERSONAL JURISDICTION

12. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

13. Denied.

14. Admitted.

15. Denied.

16. Denied.

17. Admitted that Kleinman has contacted Live Oak Middle School. Otherwise, denied.

18. Denied.

19. Without knowledge, therefore denied.

## FACTS

20. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

21. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

22. Denied.

23. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

24. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

25. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

26. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

27. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

28. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

29. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

30. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

31. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

32. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

33. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

34. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

35. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

36. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts,

RANDAZZA | LEGAL GROUP

denied.

37. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

38. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

39. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

40. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

41. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

42. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

43. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

RANDAZZA | LEGAL GROUP

44. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

45. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

46. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

47. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

48. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

49. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

50. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

51. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts,

RANDAZZA | LEGAL GROUP

denied.

52. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

53. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

54. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

55. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

56. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

57. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

58. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

RANDAZZA | LEGAL GROUP

59. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

60. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

61. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

62. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

63. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

64. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

65. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

66. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts,

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

denied.

67. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

68. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

69. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

70. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

71. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

72. Documents and posts referenced in this Paragraph speak for themselves. To the extent Plaintiff's allegations conflict with the plain language of those documents and/or posts, denied.

## CAUSES OF ACTION
## COUNT ONE: DEFAMATION

73. Defendant readopts and realleges his responses to paragraphs 1 through 72.

74. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

RANDAZZA | LEGAL GROUP

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

80. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

81. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

82. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

83. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

84. Denied.

85. Denied.

86. Without knowledge, therefore denied.

87. Without knowledge, therefore denied.

88. Without knowledge, therefore denied.

89. Denied.

90. Denied and asserted that “opinions” cannot be “false.”

91. Denied.

92. Denied.

RANDAZZA | LEGAL GROUP

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Without knowledge, therefore denied.

98. Denied.

**COUNT TWO: FALSE LIGHT**

99. Defendant readopts and realleges his responses to paragraphs 1 through 72.

100. Asserted that this Paragraph is a legal conclusion to which no response is required. To the extent a response is required, denied.

101. Denied.

102. Denied.

**DEMAND FOR JURY TRIAL**

103. Asserted that no response is required. To the extent that a response is required, Defendant demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

104. Asserted that no response is required. To the extent that a response is required, denied.

**AFFIRMATIVE DEFENSES**

Defendant's affirmative defenses, as set forth herein, are based solely upon Plaintiff's allegations in her Complaint, which do not describe events with sufficient particularity to enable Plaintiff to determine each and every defense which might exist to her claims. Defendant reserves the right to assert and rely upon additional defenses that become available or apparent during the

pendency of this action and to modify the affirmative defenses asserted herein as additional information is obtained by Defendant.

Defendant asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to Plaintiff's causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Defendant, that denial does not indicate that Plaintiff is relieved of her burden to prove each and every element of such claims, or that Defendant has assumed any burden of proof. Defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case and hereby reserves the right to amend this Answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, the parties have not conducted discovery.

**FIRST AFFIRMATIVE DEFENSE**
**Truth**

1. Although the burden of proof for falsity is upon Plaintiff, Defendant avers that all statements allegedly made by Defendant complained of by Plaintiff are true.

2. Any complained-of statements allegedly made by Defendant that may happen to lack 100% factual veracity are substantially true, and thus treated as true as a matter of law.

3. As truth is an absolute defense and there is nothing false or misleading about the statements, Defendant cannot be liable for Plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE**
**Substantial Truth**

4. Any statements made by Defendant complained of by Plaintiff that are not literally true are substantially true, in that the "gist" or "sting" of the statements is true.

RANDAZZA | LEGAL GROUP

5. As substantial truth is a defense to claims for defamation, Defendant cannot be liable for Plaintiff's claims.

**THIRD AFFIRMATIVE DEFENSE**
**Opinion/Rhetorical Hyperbole**

6. The statements at issue in the Complaint are either statements of opinion based upon disclosed facts or statements of rhetorical hyperbole that no reasonable reader is likely to interpret as a literal statement of fact.

7. Statements of opinion based upon disclosed facts and statements of rhetorical hyperbole cannot form the basis of defamation and related tort claims, and so Defendant cannot be liable for Plaintiff's claims.

**FOURTH AFFIRMATIVE DEFENSE**
**Lack of Actual Malice – First Amendment**

8. Due to the media attention she seeks and receives, Plaintiff Jones is a general purpose and/or limited purpose public figure under the First Amendment.

9. Defendant did not make any statements at issue with any degree of fault, much less the actual malice required for Plaintiff to prevail on her claims.

**FIFTH AFFIRMATIVE DEFENSE**
**Uniform Public Expression Protection Act**

10. This action relates to the rights of freedom of speech and freedom of the press guaranteed by the U.S. Constitution and the New Jersey Constitution on a matter of public concern.

11. Defendant did not make any statements at issue with any degree of fault, much less the actual malice required for Plaintiff to prevail on her claims, which are precluded by New Jersey's Uniform Public Expression Protection Act.

/ / /

/ / /



RANDAZZA | LEGAL GROUP

**SIXTH AFFIRMATIVE DEFENSE**
**Incremental Harm/Superseding Cause/Intervening Cause**

12. Defendant is far from the first person to allegedly publish statements regarding Plaintiff, both before and after the statements attributed to Defendant.

13. Some or all of the damages allegedly suffered by Plaintiff are the result of third party statements about Plaintiff, and not Defendant's statements.

14. Some or all of the harm suffered by Plaintiff are the result of the actions of third parties over whom Defendant has no control.

**SEVENTH AFFIRMATIVE DEFENSE**
**Failure to State a Claim**

15. Plaintiff has failed to sufficiently plead the elements of any cause of action as to Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**
**Contributory Negligence**

16. Any harm allegedly suffered by Plaintiff is the result of her own actions and not from the actions of Defendant.

**NINTH AFFIRMATIVE DEFENSE**
**Unclean Hands**

17. Plaintiff's claims are barred by her own unclean hands.

**TENTH AFFIRMATIVE DEFENSE**
**Fellow Servant**

18. Plaintiff's tort based claims are based upon alleged injuries caused by Plaintiff's fellow servants for which Defendant is not liable.

//

//

//

Dated: January 22, 2025.

Respectfully Submitted,

/s/ Vincent S. Verdiramo
Vincent S. Verdiramo, 024691986
vincent@verdiramolaw.com
Verdiramo & Verdiramo Esqs. PA
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
Tel: 201-798-7082

Marc J. Randazza (*PHV Forthcoming*)
mjr@randazza.com, ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Defendants.*

RANDAZZA | LEGAL GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Vincent S. Verdiramo
Vincent S. Verdiramo, 024691986

RANDAZZA | LEGAL GROUP