UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA JONES,<br><br>               Plaintiff,<br><br>v.<br><br>DAN KLEINMAN.<br><br>               Defendant. | Civil Action No. 2:24-CV-10750-BRM-JSA<br><br>**MOTION DATE: MARCH 3, 2025**<br><br>**ORAL ARGUMENT REQUESTED** |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR FIRST-FILED INJUNCTION**

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

    1.0    INTRODUCTION ........................................................................................................ 1

    2.0    STATEMENT OF RELEVANT FACTS........................................................................ 1

    3.0    STANDARD OF REVIEW ........................................................................................... 3

    4.0    LEGAL ARGUMENT .................................................................................................. 4

    5.0    CONCLUSION............................................................................................................. 5

CERTIFICATE OF SERVICE ........................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Cases**

*Adam v. Saenger*,
  303 U.S. 59 (1938) .................................................................................................. 5

*Alltrade Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991) .................................................................................. 4

*Baatz v. Columbia Gas Transmission, LLC*,
  814 F.3d 785 (6th Cir. 2016) .................................................................................. 4

*Chavez v. Dole Food Co., Inc.*,
  836 F.3d 205 (3d Cir. 2016) ........................................................................... 3, 4, 5

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941) .................................................................................. 3

*E.E.O.C. v. Univ. of Penn.*,
  850 F.2d 969 (3d Cir. 1988) .............................................................................. 3, 4

*Halimah Muhammad v. State Farm*,
  719 F. Supp. 3d 397 (D. N.J. 2024) ................................................................ 3, 4, 5

*Honeywell Int'l, Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*,
  502 Fed. Appx. 201 (3d Cir. 2012) .................................................................... 3, 4

*Novartis Consumer Health, Inc. v. Johnson & Johnson Merck Consumer Pharms Co.*,
  290 F.3d 578 (3d Cir. 2002) .................................................................................. 3

*Nye v. Ingersoll Rand Co.*,
  2011 U.S. Dist. LEXIS 130308 (D. N.J. 2011) ...................................................... 5

*Senju Pharm. Co. v. Metrics, Inc.*,
  96 F. Supp. 3d 428 (D. N.J. 2015) ......................................................................... 3

*Smith v. M'Iver*,
  22 U.S. 532 (1824) ................................................................................................. 3

**Statutes**

28 U.S.C. § 1404 .......................................................................................................... 2

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.0   INTRODUCTION**

On November 26, 2024, Plaintiff Amanda Jones sued Defendant Dan Kleinman in this Court for defamation and false light.  She then filed the exact same case against Mr. Kleinman in the U.S. District Court for the Middle District of Louisiana.  The Complaint filed in Louisiana is not just similar to the one filed in this Court, it is word-for-word identical.

Allowing a case to proceed in two jurisdictions simultaneously would be a waste of both courts' resources and present the risk of inconsistent judicial decisions.  Moreover, the simultaneous existence of two identical cases would compel Mr. Kleinman to defend himself in two forums and spend money on counsel in two separate jurisdictions.

The first-filed rule provides a remedy and dictates that the Louisiana action should not continue.  The Complaint in this Court was pending first, and this is the case that should proceed.  Mr. Kleinman requests that the Court grant this Motion, and enjoin Ms. Jones from proceeding in the U.S. District Court for the Middle District of Louisiana while this case is pending.

**2.0   STATEMENT OF RELEVANT FACTS**

Plaintiff alleges that she is an elementary school librarian in Denham Springs, Louisiana. (ECF No. 1 at ¶ 2)  She has gained fame and notoriety throughout the United States as a purported "anti-censorship" advocate.  *See id.*; Declaration of Ronald Green ("Green Decl.") at ¶ 4; **Exhibit 1**.  Ms. Jones authored a bestselling book promoting her views and is the subject of a documentary produced by Sarah Jessica Parker that will premiere at the 2025 Sundance Festival.  *See* Green Decl. at ¶ 5; **Exhibit 2**; *see also* Green Decl. at ¶ 6; **Exhibit 3**.[1]

Despite Ms. Jones' careful cultivation of her public image as an opponent of censorship, she chafes at criticism.  This is not the first case where she has sued a defendant for defamation for expressing negative opinions about her.  *See* **Exhibit 1**.  The current target of her campaign to silence those who disagree with her is Defendant Dan Kleinman, the founder of Safe Libraries, a

---

[1] <variety.com/2024/film/global/sarah-jessica-parker-the-librarians-sundance-executive-producer-1236246900>.

group dedicated to ensuring that activist librarians do not harm children. Mr. Kleinman advocates against the distribution of pornography or quasi-pornography to young children. Mr. Kleinman is a prominent critic of Ms. Jones, opining that she is more concerned with gaining publicity as an activist than in fulfilling her duties as an educator.

Ms. Jones sued Mr. Kleinman for defamation and false light in this Court for expressing his opinions. Subsequently, she filed an identical Complaint against him in the U.S. District Court for the Middle District of Louisiana. *See* Green Decl. at ¶ 7; **Exhibit 4**. The Complaints filed by Ms. Jones in this Court and Louisiana are not merely similar but word-for-word identical. *See id.* If both proceed, Mr. Kleinman will need to retain counsel and defend himself in both New Jersey and Louisiana, forcing him to simultaneously incur fees and costs in two jurisdictions.

Mr. Kleinman filed a Motion to Dismiss or Transfer Venue in the U.S. District Court for the Middle District of Louisiana on January 21, 2025, which remains pending. *See* Green Decl. at ¶ 8; **Exhibit 5**. That motion asks the Louisiana court to transfer its case to this Court based upon (a) the first-filed rule; and (b) 28 U.S.C. § 1404(a), which provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." This case belongs in New Jersey. Ms. Jones chose to file her Complaint in this Court before she filed an identical Complaint in the Middle District of Louisiana. She then served Mr. Kleinman in New Jersey.

Mr. Kleinman ask this Court to bring order to this situation. Ms. Jones' maintenance of two identical lawsuits is prohibited by the first-filed rule. The Complaint in this Court was filed first, at 3:02 am EST on November 26, 2024, while the subsequently filed Louisiana Complaint was filed at 9:58 am EST on the same day. *See* Declaration of Kylie R. Werk ("Werk Decl.") at ¶¶ 4-6. Given that the Complaint in this case was filed first, this is the suit that should proceed. Mr. Kleinman asks this Court to enjoin Ms. Jones from further prosecution of the Louisiana case while this matter remains pending. Once he vindicates his right to express his opinions, no matter

how negative those opinions might be, he will seek dismissal of the Louisiana suit, given that it is factually and legally identical to this case.

**3.0    STANDARD OF REVIEW**

Ordinarily a motion for preliminary injunction would be analyzed under the factors in *Novartis Consumer Health, Inc. v. Johnson & Johnson Merck Consumer Pharms Co.*, 290 F.3d 578, 596 (3d Cir. 2002).[2] However, that standard is inapplicable to Defendant's request since this Motion requests an injunction under the first-filed rule, which "promotes comity among courts of equal rank." *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988). It "applies when two lawsuits involving the same issues and parties are filed in different courts. In such a situation, the first-filed rule counsels deference to the earlier-filed suit." *Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 446 (D. N.J. 2015), citing *E.E.O.C.*, 850 F.2d at 971 (3d Cir. 1988); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). As more succinctly stated by Chief Justice Marshall, "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. M'Iver*, 22 U.S. 532, 535 (1824).

The first-filed rule serves three core purposes: (1) it avoids burdening the federal judiciary; (2) it prevents the judicial embarrassment of conflicting judgments; and (3) it protects parties from the burden of litigating two cases over the same subject matter. *See Halimah Muhammad v. State Farm*, 719 F. Supp. 3d 397, 401-02 (D. N.J. 2024), citing *E.E.O.C.*, 850 F.2d at 977; *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 216 (3d Cir. 2016). When a court determines that the first-filed rule applies, the "first-in-time case continues, and the second-in-time case is dismissed, transferred, or stayed." *Id.* at 402, citing *E.E.O.C.*, 850 F.2d at 977; *Chavez*, 836 F.3d at 210.

Courts apply the first-filed rule if each condition of a three-prong test is met and it is equitable to do so. First, the cases must concern the same issues. *Halimah Muhammad*, 719 F. Supp. 3d at 402, citing *Honeywell Int'l, Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 502 Fed. Appx. 201, 205 (3d Cir. 2012); *E.E.O.C.*, 850 F.2d at 971.

---

[2] Those factors are: (1) likelihood of success on the merits; (2) irreparable harm; (3) the balance of hardships; and (4) the public interest.

Second, the parties must be the same. *See id.*, citing *Honeywell*, 502 Fed. Appx. at 205; *E.E.O.C.*, 850 at 971. Third, the case dismissed, transferred, or stayed must be the second-filed case. *See id.* If these conditions are met, the Court must decide whether equity dictates applying the first-filed rule. *See Halimah Muhammad*, 719 F. Supp. 3d at 402, citing *E.E.O.C.*, 850 F.2d at 976-77.

Here, Defendant Kleinman is entitled to an injunction prohibiting Ms. Jones from taking further action in the Middle District of Louisiana pending the outcome of this case. *See, e.g., Chavez*, 836 F.3d at 220-21 ("[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit.").

**4.0   LEGAL ARGUMENT**

Here, the first two prongs are easily met. The issues and the parties are not only the same, but the Complaint filed in Louisiana is a word-for-word duplicate of the Complaint filed in this Court. Nothing about it is different other than the name of the Court and the case number. The parties are identical. The statement of facts is identical. The claims asserted are identical. And the prayer for relief is identical.

Regarding the third factor, the "dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016); *see also Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 633 (9th Cir. 1991) (holding that the first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another court"). The Complaint in this case was filed was filed about seven hours before the Complaint in the Middle District of Louisiana. This case should proceed, and the Louisiana case should be stayed.

Given that all three factors of the first-filed rule apply, the Court's final obligation is to determine whether it would be equitable to apply the rule. *See E.E.O.C.*, 850 F.2d at 972. The Court should only decline to apply the first-filed rule for "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *Id.* Those circumstances are not present here. The Complaints in both cases were filed by the same attorneys on behalf of the same Plaintiff.

Defendant was not attempting to race Plaintiff to the courthouse and box her out of her choice of jurisdiction. *See, e.g., Halimah Muhammad*, 719 F. Supp. 3d at 411.

The "principal reason for the first filed rule is avoidance of duplicative litigation, so it cannot matter whether the same party brought both suits—what matters is whether the second suit is duplicative of the first." *Chavez v. Dole Food Co.*, 796 F.3d 261, 269 (3d Cir. 2015). Here, the second suit is identical to the first. Plaintiff filed this case in two separate courts, and she filed this case first. This Court has jurisdiction over Ms. Jones by virtue of her filing suit here. *See Adam v. Saenger*, 303 U.S. 59, 67-68 (1938); *see also Nye v. Ingersoll Rand Co.*, 2011 U.S. Dist. LEXIS 130308, *26 (D. N.J. 2011). The first-filed rule should apply and this Court should enjoin Ms. Jones from proceeding in the second filed case while this case remains pending unless she wishes to voluntarily dismiss the second filed case, in which case she should be permitted to do so.

### 5.0    CONCLUSION

The Complaints filed in both this Court and in the Middle District of Louisiana rely upon the exact same facts and assert the exact same claims for relief. As this first-filed case, this New Jersey action is the one that should move forward, while the Louisiana case should be stayed or transferred. Defendant Dan Kleinman requests that this Court enjoin Ms. Jones from proceeding in the Middle District of Louisiana while this case is pending.

Dated: January 22, 2025.

/s/ Vincent S. Verdiramo
Vincent S. Verdiramo, 024691986
vincent@verdiramolaw.com
Verdiramo & Verdiramo Esqs. PA
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
Tel: 201-798-7082

Respectfully Submitted,

Marc J. Randazza (*PHV Forthcoming*)
mjr@randazza.com, ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Vincent S. Verdiramo
Vincent S. Verdiramo, 024691986