UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AMANDA JONES, *plaintiff,*　　　　　　　　　　Case No. 2:24-CV-10750-BRM-JSA

vs.

DAN KLEINMAN, *defendant.*

**REPLY BRIEF IN SUPPORT OF
MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)**

3996377v1

# **TABLE OF CONTENTS**

Reply introduction ............................................................................................................... 1

Reply argument .................................................................................................................. 2

    1. Plaintiff's motives .................................................................................................... 2

        a.  Jones was prudent. ............................................................................................ 3

        b.  Jones was transparent. ...................................................................................... 4

        c.  Jones was prompt ............................................................................................. .4

2. Prejudice ....................................................................................................................... 5

3. Circumstances do not warrant fees. .............................................................................. 6

4. Circumstances do not warrant dismissal with prejudice. .............................................. 7

Conclusion .......................................................................................................................... 7

## TABLE OF AUTHORITIES

*Alexander v. Times-Picayune L.L.C.*,
   221 So. 3d 198 (La. 4th Cir. App. 2017) ..................................................................................3

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 (2005)...................................................................................................................3

*Gen. Dev. Corp. v. Binstein*,
   743 F. Supp. 1115 (D.N.J. 1990) .........................................................................................6, 7

*U.S. ex rel. Haskins v. Omega Inst., Inc.*,
   11 F. Supp. 2d 555 (D.N.J.), *decision clarified on reconsideration*, 25 F.
   Supp. 2d 510 (D.N.J. 1998) .......................................................................................................6

*Mobil Oil Corp. v. Advanced Env't Recycling Techs., Inc.*,
   203 F.R.D. 156 (D. Del. 2001) ..................................................................................................7

**Statutes**

La. Code Civ. P. art. 971................................................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 41(a)(2) ...............................................................................1, 6, 7

Rule 12(b) .......................................................................................................................................2

Plaintiff Amanda Jones, through undersigned counsel, respectfully submits this reply to Defendant Dan Kleinman's opposition to her motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2).

**Reply Introduction**

The explanation for events to date is straightforward, not "odd." [39 at 5]  Filing a protective action in New Jersey was prudent, not "abusive." [39 at 13]

On December 17, 2024, Jones asked Kleinman to agree to personal jurisdiction in Louisiana.  He ignored the question.

Instead, he filed motions there and here:  There, he filed a motion to dismiss or to transfer the Louisiana action to this Court.  Here, he filed a motion to enjoin the Louisiana action.  Neither motion addressed the merits; both argued the first-filed rule only.

Jones observed that, his failure to agree to personal jurisdiction in Louisiana notwithstanding, Kleinman had not asserted the defense of lack of personal jurisdiction in the motion he filed in Louisiana.  She thus immediately moved, on January 23, 2025, to stay proceedings here. [11]

Kleinman insincerely complains that Jones did not file a motion to voluntarily dismiss this action at that time. [39 at 5] But Kleinman had already filed an answer, so Jones could not voluntarily dismiss on her own.  If Kleinman did not agree to a stay of proceedings, he would not have agreed to a voluntary dismissal.  More importantly, at that time, Kleinman had not yet agreed that he had waived the defense of lack of personal jurisdiction.  He still had an opportunity to dispute the matter; he had not yet filed his reply in support of his motion in Louisiana.  (Indeed, to date, no court has addressed the issue.)  The prudent thing, supported by the case law, was to move to stay these proceedings until the issue of personal jurisdiction could be resolved.

1

On March 27, 2025, and only after Judge Allen suggested that the parties stipulate to a voluntary dismissal, Kleinman's counsel finally allowed that Kleinman agreed to personal jurisdiction in Louisiana. [*See* 36-3]

The repeated representation that Jones has known all along that Kleinman agreed to personal jurisdiction in Louisiana [39 at 5 ("As Plaintiff pointed out shortly thereafter, he had thereby waived his ability to challenge personal jurisdiction in a Rule 12(b) motion . . ."), at 6 ("she would have sought voluntary dismissal on January 21, when she realized personal jurisdiction was not contested in Louisiana"), at 10 ("There was no real dispute or uncertainty regarding personal jurisdiction in Louisiana"), at 12 ("Her purported reason for it existed over two months ago, yet she did nothing when she became aware of it.")] is flatly false. Until now, Kleinman has never conceded that he waived the defense of lack of personal jurisdiction.

If he had agreed to personal jurisdiction in December, when it was asked of him, or even in January, when Jones's motion to stay addressed the issue, none of this back-and-forth would have been necessary. To the extent that Kleinman has expended resources in this litigation unnecessarily, it is on him.

Jones addresses Kleinman's arguments more fully below.

**Reply Argument**

1. **Plaintiff's motives**

Jones's motives are not questionable. She has been prudent, transparent, and prompt throughout.

2

### a. Jones was prudent.

Jones did not undertake this litigation lightly. Kleinman has attacked her for years, but the statute of limitations for defamation in Louisiana is one year from the date of publication. *Alexander v. Times-Picayune L.L.C.*, 221 So. 3d 198, 203 (La. 4th Cir. App. 2017) ("Defamation claims sound in tort, and as such are subject to a prescriptive period of one year which commences to run from the day the injury is sustained."). When Jones drafted her complaint, she necessarily focused on statements that Kleinman had made about her in the preceding year. The earliest statement in the complaint was published on February 4, 2024. [1 at ¶ 23 ("X post, referring to "@abmack33," who is Amanda Jones: School librarians trains students to use @Grindr to meet men for a night.")]

Kleinman represents there was "no danger" of any statute of limitations expiring. [39 at 8 ("If Plaintiff had actually been concerned about a jurisdictional challenge and the statute of limitations running, she would have filed in Louisiana first then, if the issue of personal jurisdiction had not been resolved by the time the limitation period was about to run, filed suit here on the last possible day."), at 9 ("There was no danger of the limitation period expiring when she chose to waste Kleinman's resources with an unnecessary action.")] The representation is false. As of this filing, at least nine of the statements in question were published more than a year ago.

Jones did not file in New Jersey "as an abusive method of draining Kleinman's resources." [39 at 8] Personal jurisdiction in online defamation cases is often unclear. Jones filed in New Jersey to protect her rights in the event personal jurisdiction failed in Louisiana. Jones already established that, far from improper, the filing of a protective action was prudent. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 294 (2005) ("There is nothing necessarily inappropriate, however, about filing a protective action."). Kleinman finds distinctions in the many

3

cases that Jones cited—but those distinctions are without a difference here.  The point is that, contrary to argument, Jones not only did not do something she could not do, what she did was prudent.

### b. Jones was transparent.

Jones also did not hide her motives:  Her complaint expressly states, among other things, that its filing in this Court is "out of an abundance of caution only" and "to preserve all rights." [1 at ¶¶ 6, 19]  She never desired "duplicative litigation."  The goal was not to litigate in two courts at the same time.  The goal was to litigate in the Middle District of Louisiana, unless that court lacked personal jurisdiction over Kleinman.

As soon as Kleinman obtained counsel, Jones asked him to agree to personal jurisdiction in Louisiana before he filed a responsive pleading.  He did not answer.

As soon as Jones observed that Kleinman had not asserted the defense of lack of personal jurisdiction in the motion he filed in Louisiana, she moved to stay proceedings until the issue could be resolved.

In all her filings to date, Jones has expressly stated that she has no desire to duplicate efforts.  Her motion to stay and this motion for voluntary dismissal are consistent with that.

### c. Jones was prompt.

The representation that Jones "prolonged" this action [39 at 6 ("Plaintiff filed duplicative lawsuits and then prolonged this one long after their current excuse for wanting to dismiss came into focus")] is also false.  Again: Jones asked Kleinman to agree to personal jurisdiction in Louisiana.  He did not.  As soon as Jones observed that Kleinman had not asserted the defense of lack of personal jurisdiction in the motion he filed in Louisiana, she moved to stay proceedings

4

here. Even at that time, Kleinman had not yet agreed that he had waived the defense of lack of personal jurisdiction. He still had an opportunity to dispute the matter; he had not yet filed his reply in support of his motion in Louisiana.

If Kleinman agreed to personal jurisdiction all along, he could have and should have said so when he was asked. He cannot sincerely complain that Jones "prolonged" anything. Jones has acted promptly on any information that she has had.

### 2. Prejudice

Nothing Jones did has caused Kleinman prejudice, much less extreme prejudice.

Jones did not "ma[k]e Kleinman spend a lot of money here." [39 at 12] Jones asked Kleinman to agree to personal jurisdiction in Louisiana. He did not, but he failed to assert the defense. To the extent he incurred "significant expense" after it was pointed out to him, that expense is on him. Jones did not cause it.

The reality is this case is in its infancy. Kleinman has filed two motions, one each in the Middle District of Louisiana and in this Court. The two motions say the same thing. Neither addresses the merits; both argue this Court is the first-filed court. He asks the Middle District of Louisiana to dismiss or transfer the Louisiana action to this Court, and he asks this Court to enjoin the Louisiana action.

Kleinman represents that he has incurred "significant expense" "due in large part to preparing an Anti-SLAPP motion." [39 at 12] If true, Jones is not responsible. To the extent he already prepared an Anti-SLAPP motion, his preparation was premature given both that, *one*, in the light of his already pending motions, whether Jones's complaint would proceed here or in the Middle District of Louisiana was yet unresolved; and, *two*, this Court has not held a pre-motion conference.

5

Jones also did not take a "wait-and-see" approach to avoid an Anti-SLAPP motion. [39 at 6] An Anti-SLAPP motion was likely in either state. Louisiana has an Anti-SLAPP statute, too. *See* La. Code Civ. P. art. 971. To the extent Kleinman already researched arguments for his anticipated Anti-SLAPP motion, the effort is not wasted.

### 3. Circumstances do not warrant fees.

"In addressing a Rule 41(a)(2) motion, a court must weigh the relevant equities and do justice between the parties in each case." *U.S. ex rel. Haskins v. Omega Inst., Inc.*, 11 F. Supp. 2d 555, 570 (D.N.J.), *decision clarified on reconsideration*, 25 F. Supp. 2d 510 (D.N.J. 1998). [39 at 7 (quoting *Haskins*)] The relevant equities do not weigh in favor of fees here. Jones "brought this matter in good faith and was not unreasonable in doing so" thus "it would be unfair of [the Court] to award attorney's fees for dismissing a litigation without prejudice." *E.g.*, *Gen. Dev. Corp. v. Binstein*, 743 F. Supp. 1115, 1140 (D.N.J. 1990).

Jones prudently filed this action to protect her rights and after attempted to resolve the issue of personal jurisdiction before responsive pleadings were filed. She was diligent in moving to stay when it appeared the issue had been waived. If she had known that Kleinman agreed that the issue had been waived, she would have moved to voluntarily dismiss then. But he did not finally agree until March 27, 2025. [*See* 36-3]

Jones moved to voluntarily dismiss immediately upon Judge Allen's suggestion. She is not seeking to dismiss this action at a late stage; there are no motions on the merits pending and there has been no discovery.

Jones did not cause unnecessary expense. If Kleinman agreed to personal jurisdiction all along, he could have and should have said so when he was asked. Under the circumstances conditioning voluntary dismissal on the payment of Kleinman's fees would be unjust. Jones did

6

not act in bad faith. *Binstein*, 743 F. Supp. at 1140 (D.N.J. 1990) ("I will not award attorneys fees as a condition of dismissal. I do not believe that the dismissal was taken in bad faith."). She does not volunteer to dismiss this action and pay Kleinman's fees.

### 4. Circumstances do not warrant dismissal with prejudice.

"In considering a Rule 41(a)(2) motion, the Court must consider the legitimate interests of both parties, while bearing in mind that a plaintiff's motion should be granted absent substantial prejudice to the defendant. Therefore, the Court must look at the effects of a dismissal with prejudice, to see if the defendant will suffer some plain legal prejudice other than the prospect of another lawsuit." *Mobil Oil Corp. v. Advanced Env't Recycling Techs., Inc.*, 203 F.R.D. 156, 158 (D. Del. 2001) (citations omitted).

A dismissal without prejudice places the parties in the same position as if this action had not been filed. The action in the Middle District of Louisiana is already filed and can proceed. There is no prospect of new litigation, but even the prospect of new litigation does not justify dismissal with prejudice. *See id.*

A dismissal with prejudice constitutes an adjudication on the merits. This case has not even progressed enough to warrant a dismissal with prejudice. Jones does not volunteer to dismiss this action with prejudice.

### Conclusion

Jones's conduct and motives do not suggest any reason not to grant this motion, and there is no prejudice, and certainly no extreme prejudice, to Kleinman. Jones respectfully requests a court order pursuant to Rule 41(a)(2).

7

Respectfully submitted,

*/s/ Kaja S. Elmer*

_____
Kaja S. Elmer, NJ Bar No. 077982013
Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
t: 504-586-5252
kelmer@fishmanhaygood.com

Alysson Mills, *admitted pro hac vice*
650 Poydras Street, Suite 1525
New Orleans, Louisiana 70130
t/f: 504-586-5253
alysson@alyssonmills.com

*for Amanda Jones*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

April 8, 2025                    */s/ Kaja S. Elmer*

8

3996377v1