# VERDIRAMO & VERDIRAMO, P.A.

## COUNSELORS AT LAW

| | | |
|---|---|---|
| **VINCENT L. VERDIRAMO*** <br> **VINCENT S. VERDIRAMO** <br><br> *MEMBER N.J. AND FLA. BAR <br><br><br> THEODORE T. RICHERT <br> *LICENSED IN NEW JERSEY | 3163 KENNEDY BOULEVARD, JERSEY CITY, NEW JERSEY 07306 <br> TELEPHONE: 201-798-7082    TELECOPIER: 201-918-6536 <br> E-MAIL: VINCENT@VERDIRAMOLAW.COM <br><br> RESPOND TO JERSEY CITY OFFICE | **NEW YORK OFFICE** <br> 30 BROAD STREET, 37TH FLOOR <br> NEW YORK, NEW YORK 10004 <br> TELEPHONE: 212-338-9100 <br> TELECOPIER: 212-338-9088 |

5 December 2025

Via CM/ECF
The Honorable Brian Martinotti, U.S.D.J.
U.S. District Court: District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

  Re: *Jones v. Kleinman*; Case No. 2:24-cv-10750-BRM-JSA

Your Honor,

  Attached is a non-controlling but persuasive decision from the Court of Appeals of Virginia pertaining to a somewhat similar suit involving defamation claims and when a statement constitutes an expression of protected opinion. The case is *Petrak v. Sawyers*, No. 0110-24-4, 2025 Va. App. LEXIS 655 (Va. Ct. App. Oct. 21, 2025).

  The plaintiff in *Sawyers* left a Facebook comment in response to a local librarian's public photograph that read "[s]uch a LILF." In response to this comment, the defendant posted in a public Facebook group a comment including the allegedly defamatory statement that the plaintiff was a "SEXUAL PREDATOR/HARASSER." *Id*. at *2-4. The defendant's comment disclosed the basis for this statement, specifically that the plaintiff's comment was an expression of wanting to have sex with said librarian, that the plaintiff had previously thanked Senator Al Franken (who resigned from Congress amidst allegations of sexual misconduct), and "a photograph of Franken engaging in inappropriate conduct." *Id*. The court found that calling the plaintiff a sexual predator

and harasser was a statement of protected opinion because, when viewed in the context of the defendant's full Facebook comment, the defendant was merely characterizing disclosed facts, and the plaintiff did not claim that those disclosed facts were false. *Id*. at *11-14.

Given the parallels between the two cases, it should be of great value to the court in evaluating the case before it. There is no prejudice to the Plaintiff in your consideration of this supplemental authority.


Very truly yours,

VERDIRAMO & VERDIRAMO, P.A.                          RANDAZZA LEGAL GROUP


VINCENT S. VERDIRAMO                                MARC J. RANDAZZA

No *Shepard's* Signal™
As of: December 5, 2025 1:52 AM Z

# *Petrak v. Sawyers*

Court of Appeals of Virginia

October 21, 2025, Decided

Record No. 0110-24-4

**Reporter**

2025 Va. App. LEXIS 655 *; 2025 LX 442397; 2025 WL 2956919

WILLIAM JOSEPH PETRAK v. RYAN SAWYERS

**Notice:** PURSUANT TO THE APPLICABLE *VIRGINIA* CODE SECTION THIS *OPINION* IS NOT DESIGNATED FOR PUBLICATION.

**Prior History:** FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY. Tracy C. Hudson, Judge[1] **[*1]** .

**Disposition:** Reversed and remanded.

## Core Terms

defame, actual malice, demurrer, **sexual predator**, trial court, fully disclosed, non-actionable, defamatory, harasser, picture, expression of an **opinion**, defamation action, plea in bar, provably, email, cause of action, tweet, novo, statement of facts, statutory immunity, photograph, requisite

## Case Summary

**Overview**
**Key Legal Holdings**

- Petrak's Facebook post labeling Sawyers a '**SEXUAL PREDATOR**/HARASSER' constituted non-actionable **opinion** because it fully disclosed the factual basis (Sawyers' 'LILF' comment, tweet thanking Franken, and Franken photo), Sawyers did not allege these underlying facts were false, and readers could reasonably perceive the characterization as subjective analysis.

- Because Petrak's statements were constitutionally protected **opinions** regarding a matter of public concern (Sawyers' fitness for public office), the jury finding of actual malice

---

[1] The Honorable Carroll A. Weimer, Jr., denied Petrak's demurrer and plea in bar asserting the statute of limitations. The Honorable Tracy C. Hudson presided over Petrak's trial and denied his post-trial plea in bar asserting immunity under *Virginia*'s anti-SLAPP statute.

could not stand, and Petrak was entitled to immunity under *Virginia*'s anti-SLAPP statute.

**Material Facts**

- Petrak posted on Facebook calling Sawyers a '**SEXUAL PREDATOR**/HARASSER.'.
- The post included screenshots of Sawyers' comment calling a librarian 'such a LILF,' his tweet thanking Senator Al Franken, and a photo of Franken engaged in inappropriate conduct.
- Sawyers did not dispute making the 'LILF' comment but claimed it meant 'Librarian I'd Like to Fund.'.
- Sawyers sued Petrak for defamation.
- A jury found Petrak liable for defamation with actual malice and awarded Sawyers $1,000,000 in damages.

**Controlling Law**

- First Amendment protection of *opinions*; *Virginia* defamation law requiring statements to be both false and defamatory to be actionable; *Virginia*'s anti-SLAPP statute (*Code § 8.01-223.2*) providing immunity for statements regarding matters of public concern protected under the First Amendment.

**Court Rationale**

The court determined Petrak's statements were protected *opinions* because: (1) the post fully disclosed the factual predicates for his *opinion*; (2) Sawyers did not allege these underlying facts were false or defamatory; and (3) readers could reasonably conclude the characterization was Petrak's subjective analysis. The court cited Schaecher v. Bouffault, where similar factors led to finding statements non-actionable *opinions*.

**Outcome**
**Procedural Outcome**

The *Virginia* Court of Appeals reversed the trial court's judgment and remanded the case for determination of Petrak's entitlement to attorney fees under *Virginia*'s anti-SLAPP statute.

**LexisNexis® Headnotes**

Torts > ... > Defamation > Defenses > Fair Comment & *Opinion*

*HN1*  **Defenses, Fair Comment & *Opinion***

The *U.S. Const. AMEND. 1* protects **_opinions_** based on fully disclosed facts from defamation actions.

Civil Procedure > Appeals > Stipulated Reversals

Evidence > Inferences & Presumptions > Inferences

*HN2*  **Appeals, Stipulated Reversals**

When reviewing a trial court's decision on appeal, an appellate court views the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences.

Constitutional Law > ... > Freedom of Speech > Defamation > Public Figures

Torts > ... > Defamation > Public Figures > Actual Malice

Torts > ... > Defenses > Privileges > Constitutional Privileges

Constitutional Law > ... > Fundamental Freedoms > Freedom of Speech > Scope

*HN3*  **Defamation, Public Figures**

Under *First Amendment to the U.S. Constitution* jurisprudence, "actual malice" is defined as with knowledge that it was false or with reckless disregard of whether it was false or not.

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

*HN4*  **Reviewability of Lower Court Decisions, Preservation for Review**

In cases where the ability of the Court to review an issue on appeal is in doubt, the court may assume without deciding' that the issue can be reviewed provided that this permits the court to resolve the appeal on the best and narrowest grounds. Put simply, the doctrine of judicial restraint dictates that the court decides cases 'on the best and narrowest grounds available. The "best" ground is the one agreed upon by the largest number of jurists. The "narrowest" ground is the one affecting the smallest number of cases.

Governments > Courts > Authority to Adjudicate

*HN5*  **Courts, Authority to Adjudicate**

The cardinal principle of judicial restraint is that if it is not necessary to decide more, it is necessary not to decide more.

> Civil Procedure > Appeals > Standards of Review > De Novo Review
>
> Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Demurrers
>
> Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

### HN6  Standards of Review, De Novo Review

An appellate court reviews a trial court's decision to overrule a demurrer de novo. When reviewing such a judgment, the court accepts as true all factual allegations expressly pleaded in the complaint and interprets those allegations in the light most favorable to the plaintiff. The purpose of a demurrer is to determine whether a complaint states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof.

> Civil Procedure > Appeals > Standards of Review > De Novo Review
>
> Governments > Legislation > Interpretation
>
> Civil Procedure > Appeals > Standards of Review > Questions of Fact & Law

### HN7  Standards of Review, De Novo Review

When a plea in bar depends on purely legal questions, including issues of statutory construction or constitutional law, an appellate court conducts de novo review. The court defers to the trial court's factual findings unless they are plainly wrong or without evidentiary support.

> Constitutional Law > ... > Fundamental Freedoms > Freedom of Speech > Scope
>
> Torts > Intentional Torts > Defamation > Libel
>
> Torts > Intentional Torts > Defamation > Slander

### HN8  Fundamental Freedoms, Freedom of Speech

*Virginia* law allows a person who has been the subject of libel or slander to bring a cause of action for defamation. This cause of action has been viewed as the means to protect a basic right because the individual's right to personal security includes his uninterrupted entitlement to enjoyment of his reputation. But the right to seek legal redress for another's defamatory

statement is constrained by the protections of free speech established in the *U.S. Const. AMEND. 1* and *Va. Const. 1, § 12*.

Torts > Intentional Torts > Defamation > Libel

### HN9 Defamation, Libel

In **Virginia**, the elements of defamation are: (1) publication of (2) an actionable statement with (3) the requisite intent. To be actionable, the statement must be both false and defamatory. Common-law defamation requires a statement that is provably false.

Civil Procedure > Appeals > Standards of Review > De Novo Review

Torts > ... > Defenses > Privileges > Constitutional Privileges

Torts > ... > Defamation > Defenses > Fair Comment & *Opinion*

### HN10 Standards of Review, De Novo Review

Because ***opinions*** cannot be objectively characterized as true or false, they are generally non-actionable. It is firmly established that pure expressions of ***opinion*** are protected by both the *U.S. Const. AMEND. 1* and *Va. Const. 1, § 12* and, therefore, cannot form the basis of a defamation action. The central inquiry in any defamation action becomes whether the challenged statements are assertions of fact or protected ***opinions***. Whether a statement is an actionable statement of fact or a non-actionable ***opinion*** is a matter of law for an appellate court to decide de novo.

Torts > ... > Defamation > Defenses > Fair Comment & *Opinion*

### HN11 Defenses, Fair Comment & *Opinion*

Speech which does not contain a provably false connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action. Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of ***opinion***. When determining the nature of a statement, a court must also consider context. In determining whether a statement is one of fact or ***opinion***, a court may not isolate one portion of the statement at issue from another portion of the statement. Rather, a court must consider the statement as a whole.

Torts > ... > Defamation > Defenses > Fair Comment & *Opinion*

### HN12 Defenses, Fair Comment & *Opinion*

*Virginia* caselaw and the Restatement (Second) of Torts make clear that the *U.S. Const. AMEND. 1* protects statements of ***opinion*** based on disclosed or assumed non-defamatory facts. *Torts Second § 566 (c)*.

Torts > ... > Defamation > Defenses > Fair Comment & ***Opinion***

### HN13  Defenses, Fair Comment & ***Opinion***

The Restatement provides persuasive guidance as it states that a simple expression of ***opinion*** on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation no matter how unjustified and unreasonable the ***opinion*** may be or how derogatory it is. Therefore, if the defendant bases their ***opinion*** on non-defamatory disclosed facts, they are not liable for the factual statement or the ***opinion***, so long as the comments do not reasonably indicate the existence of other undisclosed defamatory facts. *Torts Second § 566 (c)*.

Torts > Intentional Torts > Defamation > Procedural Matters

### HN14  Defamation, Procedural Matters

The Supreme Court of ***Virginia*** recognizes that an accusation of lying may serve as the basis of a defamation action because it has the requisite defamatory sting.

Civil Procedure > ... > Attorney Fees & Expenses > Basis of Recovery > Statutory Awards

Torts > ... > Defamation > Public Figures > Actual Malice

### HN15  Basis of Recovery, Statutory Awards

***Virginia***'s anti-SLAPP statute grants immunity from civil liability if the claim is based solely on statements regarding matters of public concern that would be protected under the *U.S. Const. AMEND. 1*. *Va. Code Ann. § 8.01-223.2 (A)(i)*. Under the statute, a prevailing party covered by immunity may recover reasonable attorney fees and costs. *Va. Code Ann. § 8.01-223.2 (C)*. However, the immunity does not extend to statements that the declarant knew or should have known were false or were made with reckless disregard for whether they were false. *Va. Code Ann. § 8.01-223.2 (B)*. In short, if a statement is made with actual malice, immunity cannot apply.

Constitutional Law > ... > Freedom of Speech > Defamation > Public Figures

Torts > ... > Defamation > Public Figures > Actual Malice

Evidence > Burdens of Proof > Clear & Convincing Proof

Torts > ... > Defamation > Public Figures > Clear & Convincing Evidence

Torts > ... > Defenses > Privileges > Constitutional Privileges

## HN16 Defamation, Public Figures

The United States Supreme Court has defined actual malice as making a statement with knowledge that it was false or with reckless disregard of whether it was false or not. Similarly, the Supreme Court of *Virginia* has explained that to prove actual malice, the plaintiff must show by clear and convincing evidence that the defendant realized that his statement was false or that he subjectively entertained serious doubt as to the truth of his statement. Both cases make clear that for actual malice to be present, the statement at issue must carry a provably false or factual meaning, not an expression of *opinion*.

Torts > ... > Defamation > Public Figures > Actual Malice

Torts > ... > Defamation > Defenses > Fair Comment & *Opinion*

## HN17 Public Figures, Actual Malice

As a matter of law, actual malice cannot be established when the statements convey no provably false or factual meaning, such as pure *opinions* based on fully disclosed facts.

**Counsel:** Lee E. Berlik (R. Jackson Martin; BerlikLaw, LLC, on briefs), for appellant.

Evan D. Mayo (Daniel R.O. Long; Tremblay & Smith, PLLC, on brief), for appellee.

**Judges:** Present: Judges Friedman, Chaney and Raphael. MEMORANDUM *OPINION* BY JUDGE VERNIDA R. CHANEY.

*Opinion* **by:** VERNIDA R. CHANEY

## *Opinion*

MEMORANDUM *OPINION*[*] BY JUDGE VERNIDA R. CHANEY

**HN1** The *First Amendment to the United States Constitution* protects *opinions* based on fully disclosed facts from defamation actions. In a Facebook post, William Petrak repeatedly labeled Ryan Sawyers, then-Chairman of the Prince William County School Board, a "**SEXUAL PREDATOR**/HARASSER." He included a comment Sawyers made about a librarian, a screenshot of Sawyers thanking Senator Al Franken on Twitter, and a photograph of Franken engaged in inappropriate conduct. A jury found Petrak liable for defamation. Petrak argues that the trial court erred in overruling his demurrer and plea in bar, contending that the statute of

---

[*] This *opinion* is not designated for publication. See *Code § 17.1-413(A)*.

limitations bars the claim, his comments were non-actionable expressions of ***opinion***, and immunity applies under ***Virginia***'s anti-SLAPP statute.

Upon review, we hold that Petrak's comments constitute non-actionable ***opinions*** [*2] based on fully disclosed facts. The trial court thus erred in overruling the demurrer and plea in bar. Based on these errors, we reverse and remand for the trial court to consider whether to award attorney fees under ***Virginia***'s Anti-SLAPP statute.

BACKGROUND[2]

In December 2017, Petrak, who led the "Prince William Committee (PWC) for Quality Education" and had previously pursued recall efforts to oust Sawyers from his Chairman position, publicly responded to a prior 2014 comment made by Sawyers on Facebook. Sawyers had commented on a local librarian's public photograph, referring to her as "[s]uch a LILF."[3] In response, Petrak posted in the public Facebook group, "PWC Education Reform," sharing a series of statements calling Sawyers a "***SEXUAL PREDATOR***/HARASSER." These statements were accompanied by screenshots of Sawyers's LILF comment, a tweet in which Sawyers thanked Senator Al Franken, and a photograph of Franken engaging in inappropriate conduct.

Petrak's comment reads as follows:
> Since our School Board Chairman-at-Large continues to paint false pictures of people with social media, I thought I would share some real disturbing (and truthful) pictures about Ryan Sawyers.
>
> The first picture [*3] is of a wom[a]n who posted a professional picture of herself on Facebook. As you can see, her friends made nice comments about the picture. Look closely and see the comment by Ryan Sawyers. It says, "such a LILF[.]" I am told this person is a librarian. So basically, Ryan Sawyers, a married man, is publicly saying on social media that he would like to have sex with this woman. If that isn't the behavior of a ***SEXUAL PREDATOR*** or HARASSER, I don't know what is.
>
> The second picture is a tweet from Ryan Sawyers thanking Senator Al Franken, another ***SEXUAL PREDATOR*** for campaigning in ***Virginia***.
> The third picture is of Al Franken groping a sleeping woman on a military transport plane.
>
> Can you see the connection here? So our School Board Chairman-at-Large, Ryan Sawyers is an open serving ***SEXUAL PREDATOR***/HARASSER. Do you see any problem with this? Instead of attacking people with false narratives on social media, he should be removing himself from public office and you should be demanding it.

---

[2] *HN2* "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Payne v. Payne, 77 Va. App. 570, 579 n.1, 886 S.E.2d 752 (2023)* (quoting *Nielsen v. Nielsen, 73 Va. App. 370, 377, 860 S.E.2d 397 (2021)*).

[3] Sawyers did not dispute that he called the librarian "such a LILF." Petrak maintains the acronym referred to a distasteful innuendo. However, Sawyers testified that LILF meant "Librarian I'd Like to Fund."

> So to recap, we have a **_SEXUAL PREDATOR_**/HARASSER chairing our school board.
>
> Let's see if anyone is willing to defend this **_SEXUAL PREDATOR_**/HARASSER. I'm sure Mr. Sawyers and his minions will try to turn this around **[*4]** and make this about me . . . it's how they roll.

Four days after the post, Sawyers sued Petrak for defamation and civil conspiracy, alleging that the "post was part of a larger plan by Petrak and others to defame [him] or to cause [his] political downfall . . . through defamation."[4]

In March 2021, Sawyers refiled his defamation claim against Petrak but dropped the conspiracy claim. Petrak demurred, contending that the statements were constitutionally protected expressions of **_opinion_**. Following the demurrer hearing, the court held that whether the statements were **_opinion_** or fact was a question for the jury and overruled the demurrer "without prejudice to raise the issues of **_opinion_** at [t]rial." It also held in abeyance Petrak's plea in bar asserting statutory immunity.

During the October 2023 trial, Petrak renewed his argument that his statements were protected **_opinions_**. The trial court responded:

> Understood. I believe it's clearly, though, a question of law for [t]he [c]ourt as to whether the statements are matters of **_opinion_** or whether they are statements of fact, and I have ruled they are statements of fact.
>
> They are -- I mean, to put it simply: [t]hey are capable of being proven demonstrably **[*5]** true or false, and I think that's the simplest distinction between fact and **_opinion_**.

Petrak then moved to strike and for a directed verdict, claiming statutory immunity under _Code § 8.01-223.2_. The trial court denied these motions.

The jury returned a verdict finding Petrak liable for defamation and acting with "actual malice,"[5] and awarded Sawyers $1,000,000 in damages. Following the verdict, the court overruled Petrak's demurrer, finding the defamatory statements to be either actionable **_opinion_**, defamation by implication, or otherwise actionable.[6] It also denied Petrak's plea in bar, holding that immunity did not apply because of the jury finding of actual malice. Petrak timely appealed.

---

[4] In an amended complaint, Sawyers sued another member of the Board for conspiracy alleging that he helped Petrak draft the Facebook post.

[5] _HN3_ Under _First Amendment_ jurisprudence, "actual malice" is defined as "with knowledge that it was false or with reckless disregard of whether it was false or not." _New York Times Co. v. Sullivan, 376 U.S. 254, 280, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964)_; see also Actual Malice (2), Black's Law Dictionary (11th ed. 2019) (defining "actual malice" as "[k]nowledge (by the person who utters or publishes a defamatory statement) that a statement is false, or reckless disregard about whether the statement is true").

[6] The trial court, without specifically characterizing some statements as facts and others as **_opinions_**, determined that Petrak's demurrer should be overruled regardless, because in any of the three listed scenarios, his statements constituted defamation.

ANALYSIS

Petrak raises three errors made by the trial court. He first challenges the timeliness of Sawyers's refiled claim, contending that the statute of limitations bars the claim. We assume without deciding that Sawyers timely filed his renewed action.[7] Petrak further argues the trial court erred in overruling his demurrer because his Facebook comments constituted nonactionable "***opinions*** that fully disclose their factual predicate and do not imply the existence of undisclosed [*6] defamatory facts." He lastly asserts that the trial court erred in "fail[ing] to dismiss the case on grounds of statutory immunity and [in denying an] award of attorney fees under Va. Code § 8.01-223.2." For the reasons below, we agree that the trial court erred in overruling Petrak's demurrer and denying him statutory immunity.

I. Standard of Review

**HN6** An appellate court reviews a trial court's decision to overrule a demurrer de novo. *Marlowe v. Sw. Va. Reg. Jail Auth., 81 Va. App. 415, 423, 904 S.E.2d 238 (2024)*; see also *Taylor v. Aids-Hilfe Koln, e.V., 301 Va. 352, 357, 878 S.E.2d 385 (2022)*. When reviewing such a judgment, we "accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Coward v. Wellmont Health Sys., 295 Va. 351, 358, 812 S.E.2d 766 (2018)*; see also *Montalla, LLC v. Commonwealth, 303 Va. 150, 163, 900 S.E.2d 290 (2024)*. "The purpose of a demurrer is to determine whether a [complaint] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 356-57, 699 S.E.2d 483 (2010)* (citations omitted) (quoting *Augusta Mut. Ins. Co. v. Mason, 274 Va. 199, 204, 645 S.E.2d 290 (2007)*).

**HN7** When a plea in bar depends on purely legal questions, including issues of statutory construction or constitutional law, this Court conducts de novo review. *Zeng v. Charles, 82 Va. App. 326, 344, 906 S.E.2d 668 (2024)* (quoting *Cornell v. Benedict, 301 Va. 342, 349, 878 S.E.2d 191 (2022)*); *Pegasystems Inc. v. Appian Corp., 81 Va. App. 433, 479, 904 S.E.2d 247*

---

[7] **HN4** In "cases where the ability of the Court to review an issue on appeal is in doubt, we may 'assume without deciding' that the issue can be reviewed provided that this permits us to resolve the appeal on the best and narrowest grounds." *McGinnis v. Commonwealth, 296 Va. 489, 501, 821 S.E.2d 700 (2018)*. Put simply, "the doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Butcher v. Commonwealth, 298 Va. 392, 396, 838 S.E.2d 538 (2020)* (quoting *Commonwealth v. White, 293 Va. 411, 419, 799 S.E.2d 494 (2017)*); see also *Marlowe v. Sw. Va. Reg'l Jail Auth., 81 Va. App. 415, 424 n.5, 904 S.E.2d 238 (2024)*. The "best" ground is the one agreed upon by the largest number of jurists. *Butcher, 298 Va. at 396*. The "narrowest" ground is the one affecting the smallest number of cases. *Id.* We are convinced that addressing this appeal on the merits is the "best and narrowest" course.

We realize that the merits include a constitutional issue and recognize the general reluctance to rule on such issues. See *Harris v. Commonwealth, 83 Va. App. 571, 580 n.2, 911 S.E.2d 444 (2025)*. But our holding is limited. **HN5** It does not articulate a new constitutional rule, nor does it decide the constitutionality of an act of the General Assembly. Rather, we resolve a state-law claim that merely touches upon or applies constitutional law. Thus, judicial restraint favors resolving this appeal on narrow fact-based grounds rather than articulating a far-reaching interpretation of the statute of limitations that could affect many claims. Cf. *Thaler v. Perlmutter, 130 F.4th 1039, 1051 (D.C. Cir. 2025)* ("[T]he cardinal principle of judicial restraint [is that] if it is not necessary to decide more, it is necessary not to decide more[.]" (quoting *PDK Labs. Inc. v. United States DEA, 362 F.3d 786, 799, 360 U.S. App. D.C. 344 (D.C. Cir. 2004)* (Roberts, J., concurring))).

*(2024)*. We defer to the trial court's factual findings unless "they are plainly wrong or without evidentiary support." *Zeng, 82 Va. App. at 344* **[*7]** (quoting *Cornell, 301 Va. at 349*).

II. Petrak's statements are non-actionable ***opinions***.

**HN8** "***Virginia*** law allows a person who has been the subject of libel or slander to bring a cause of action for defamation." *Jackson v. Hartig, 274 Va. 219, 227, 645 S.E.2d 303 (2007)*. This cause of action "has been viewed as the means to protect a basic right because 'the individual's right to personal security includes his uninterrupted entitlement to enjoyment of his reputation.'" *Jordan v. Kollman, 269 Va. 569, 575, 612 S.E.2d 203 (2005)* (quoting *The Gazette, Inc. v. Harris, 229 Va. 1, 7, 325 S.E.2d 713 (1985)*). But "the right to seek legal redress for another's defamatory statement is constrained by the protections of free speech established in the *First Amendment to the United States Constitution* and *Article I, Section 12 of the Constitution of Virginia*." *Jackson, 274 Va. at 228* (citing *Yeagle v. Collegiate Times, 255 Va. 293, 295, 497 S.E.2d 136 (1998)*).

**HN9** In ***Virginia***, the elements of defamation are: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Tharpe v. Saunders, 285 Va. 476, 480, 737 S.E.2d 890 (2013)* (quoting *Jordan, 269 Va. at 575*). "To be actionable, the statement must be both false and defamatory." *Jordan, 269 Va. at 575* (citations omitted); *see also Episcopal Diocese of S. Va. v. Marshall, 81 Va. App. 255, 273, 903 S.E.2d 534 (2024)* ("Common-law defamation requires a statement that is provably false.").

**HN10** Because ***opinions*** cannot be "objectively characterized as true or false," they are generally non-actionable. *Jordan, 269 Va. at 576*. And it "is firmly established that pure expressions of ***opinion*** are protected by both the *First Amendment to the Federal Constitution* and *Article I, Section 12 of the Constitution of **Virginia*** and, therefore, cannot form the basis of a defamation action." *Padula-Wilson v. Landry, 298 Va. 565, 579, 841 S.E.2d 864 (2020)* (quoting *Williams v. Garraghty, 249 Va. 224, 233, 455 S.E.2d 209 (1995)*). The central inquiry in any defamation action becomes **[*8]** whether the challenged statements are assertions of fact or protected ***opinions***. Whether a statement is an actionable statement of fact or a non-actionable ***opinion*** is a matter of law for an appellate court to decide de novo. *Raytheon Tech. Servs. v. Hyland, 273 Va. 292, 303-04, 641 S.E.2d 84 (2007)*.

The Supreme Court of ***Virginia*** summarized the general distinction between fact and ***opinion*** in *Fuste v. Riverside Healthcare Ass'n, 265 Va. 127, 132-33, 575 S.E.2d 858 (2003)*. **HN11** In *Fuste*, the Court stated:

> Thus, speech which does not contain a provably false connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action.
>
> Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of ***opinion***.

*Id. at 132* (citations and internal quotation marks omitted). When determining the nature of a statement, a court must also consider context. *See Lewis v. Kei, 281 Va. 715, 725, 708 S.E.2d 884 (2011)* ("In determining whether a statement is one of fact or ***opinion***, a court may not

isolate one portion of the statement at issue from another portion of the statement. Rather, a court must consider the statement as a whole." (quoting *Hyland v. Raytheon Tech. Servs. Co., 277 Va. 40, 47, 670 S.E.2d 746 (2009)*)).

Petrak asserts that his comments constitute protected **opinions** because they are based upon and derived from fully disclosed facts. This Court agrees. **HN12** **Virginia** caselaw [*9] and the Restatement (Second) of Torts make clear that the *First Amendment* protects statements of **opinion** based on disclosed or assumed non-defamatory facts. *Schaecher v. Bouffault, 290 Va. 83, 105, 772 S.E.2d 589 (2015)*; Restatement (Second) of Torts § 566 cmt. c.[8]

This case resembles *Schaecher*, where the defendant, when discussing the plaintiff's special use permit application with fellow members of a planning commission, stated, "I firmly believe that [the plaintiff] is lying and manipulating facts to her benefit[.]" *290 Va. at 101*. **HN14** The Supreme Court of **Virginia** recognized that an accusation of lying may serve as the basis of a defamation action because it "has the requisite defamatory 'sting.'" *Id. at 102*. Rather than isolating the statement, the Court emphasized the surrounding context, noting that it "arose in a longer email from [defendant] to two Planning Commission members." *Id. at 104*. That email stated:

> Our application documents are in SERIOUS need of revision. This is the second time that [Schaecher] has effectively stated that you, Jesse, are not stating facts correctly (i.e. you are lying): you stated CLEARLY to the commissioners at our Sept. briefing meeting that [Schaecher] and her family were going to move to Clarke and live on the property, then [Schaecher] said no, not true, when questioned at the Sept. Friday meeting. She now says that what has been [*10] stated is "inconsistent" with "the purpose and nature of our project."

*Id.* Bouffault immediately followed the email with the accusation that she "firmly believe[d] that [Schaecher] is lying and manipulating facts to her benefit." *Id.*

This Court emphasized that Schaecher did not plead that the statements underlying the email were false—in particular, the assertion that "there were inconsistencies between [Schaecher's] understanding of events and that of the Planning Commission." *Id. at 105*. It added that the "email appear[ed] to fully disclose the basis of Bouffault's rationale" and that the email's recipients were highly familiar with the situation. *Id.* Based on those considerations, the Court concluded that a reasonable person highly familiar with the situation and aware of the fully disclosed facts would perceive Bouffault's accusation as a pure **opinion** based on her subjective understanding of the underlying scenario. *Id. at 106*. Drawing on federal case law, the Court also found that "[a] statement of **opinions** on fully disclosed facts can be punished only if the

---

[8] The Supreme Court of **Virginia** has found the comments to **Restatement (Second) of Torts § 566** instructive. *See Hyland, 273 Va. at 303* (citing the **Restatement (Second) of Torts § 566 cmt. a**). **HN13** Similarly, here, the Restatement provides persuasive guidance as it states that a "simple expression of **opinion** on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation no matter how unjustified and unreasonable the **opinion** may be or how derogatory it is." **Restatement (Second) of Torts § 566 cmt. c**. Therefore, if the defendant bases their **opinion** on non-defamatory disclosed facts, they are not liable for the factual statement or the **opinion**, so long as the comments do not reasonably indicate the existence of other undisclosed defamatory facts. *Id.* **cmt. c, illus. 5(2)**.

stated facts are themselves false and demeaning." *Id. at 105* (quoting *Standing Comm. on Discipline of the United States Dist. Ct. v. Yagman, 55 F.3d 1430, 1439 (9th Cir. 1995)*).

The *Schaecher* Court ultimately held Bouffault's statements non-actionable for three reasons: **[*11]** (1) the recipients' familiarity with the situation and the fully disclosed nature of the facts; (2) Schaecher's failure to "claim that the stated underlying facts themselves were false and defamatory"; and (3) because the email's recipients could have "reasonably conclude[d] that Bouffault's statement was purely her own subjective analysis." *Schaecher, 290 Va. at 105-06*.

The same dispositive reasons are present here. First, Petrak's Facebook post fully discloses the factual predicates underlying his ***opinions***: Sawyers's Facebook comment calling the librarian "[s]uch a LILF," his tweet thanking Senator Al Franken, and the photograph of Al Franken groping a sleeping woman. Petrak lays out all the facts that form his ***opinion***, and the record shows that he relied on no unknown or undisclosed facts.[9] The alleged defamatory dispute involves Petrak's labeling of Sawyers as a ***sexual predator*** or harasser. Petrak's conclusion is explicitly based on the three disclosed facts, providing readers with the necessary context to evaluate his claims independently. As in *Schaecher*, the audience had the requisite information or knowledge of the factual basis for Petrak's conclusions to determine whether the accusations are perceived as pure **[*12]** ***opinion*** based on his subjective analysis.

Second, Petrak's ***opinion***, drawn from these disclosed facts, cannot support liability in the absence of falsity in the underlying facts. Sawyers, like the plaintiff in *Schaecher*, did not allege that the underlying factual statements were false. Therefore, Petrak's post is a non-actionable ***opinion***. Sawyers acknowledges making the LILF comment, that the images depict Al Franken's incident, and that he thanked Al Franken on Twitter. His testimony about the meaning of "LILF" offers an alternative interpretation. However, it does not challenge the factual existence of the comment or tweet. Nor does it claim that the underlying facts are defamatory. The dispute, therefore, lies only in Petrak's interpretation and assessment of the fully disclosed facts, which is non-actionable ***opinion***.

Third, a reader of the Facebook post, like the email recipients in *Schaecher*, could reasonably conclude that Petrak's comments characterizing Sawyers as a "***SEXUAL PREDATOR***/HARASSER" constituted his subjective analysis.[10] Petrak guides the reader

---

[9] As in *Schaecher*, the record establishes that the readers of the Facebook post were aware of an underlying political dispute between the parties. Sawyers attached the entirety of Petrak's post as an exhibit to his complaint. The unredacted post begins with a disclosure that Petrak led an effort to gather signatures to recall Sawyers from his school board position. Petrak's post itself therefore provides the complete factual basis for his conclusion, including the political tension between the parties, eliminating any suggestion of undisclosed support. We note that, unlike *Schaecher*, the underlying political dispute or situation here is far removed from the content or topic of sexual misconduct or innuendos. However, this difference is not dispositive when there is no indication in the record that Petrak relied on undisclosed facts.

To the extent that Petrak and Sawyers were engaged in a broader political disagreement regarding education reform, that context alone also does not create a topically relevant undisclosed factual predicate. The post appeared in a Facebook group entitled "PWC Education Reform," where members could reasonably be expected to possess some knowledge of an underlying education reform dispute. In any event, Petrak's post discloses the full set of facts he relied on and, in itself, establishes the necessary familiarity with the situation for readers.

sequentially through each disclosed fact. He signals the subjective nature of his reasoning with phrases like, "If that isn't the behavior of a **[*13]** **_SEXUAL PREDATOR_**/HARASSER, *I don't know what is*." (Emphasis added).

Even the more provocative phrase, "Ryan Sawyers is an open serving **_SEXUAL PREDATOR_**/HARASSER," appears within a contextual narrative that ties directly back to the disclosed facts and is introduced by the word "So." Viewed in isolation, that statement might be interpreted as factual. In context, however, it forms part of a larger narrative expressing Petrak's personal assessment or interpretation of the disclosed facts. The language leading into that phrase illustrates the point:

> The second picture is a tweet from Ryan Sawyers thanking Senator Al Franken, another **_SEXUAL PREDATOR_** for campaigning in **_Virginia_**. The third picture is of Al Franken groping a sleeping woman . . . . Can you see the connection here? So our School Board Chairman-at-Large . . . is an open serving **_SEXUAL PREDATOR_**/HARASSER.

By presenting the two photographs and then using the word "So," Petrak appears to be drawing his **_opinion_** or inference directly from his perceived connection between the tweet and the pictures. By layering facts and reasoning in a step-by-step manner, as Petrak does throughout his post, he helps the reader understand the basis **[*14]** for his conclusion and reasonably perceive the post as Petrak's subjective analysis based on the facts he disclosed.

Accordingly, Petrak's comments, which are based on fully disclosed facts and reflect his subjective assessment, are non-actionable and protected by the *First Amendment*.[11]

III. **_Virginia_**'s Anti-SLAPP Statute

Petrak finally argues that the trial court erred in denying his plea in bar asserting statutory immunity under *Code § 8.01-223.2*, because "the jury found that those statements were made with actual malice." **HN15** **_Virginia_**'s anti-SLAPP statute grants immunity "from [civil] liability if the . . . claim is based solely on statements . . . regarding matters of public concern that would be protected under the *First Amendment to the Constitution of the United States*[.]" *Code § 8.01-223.2(A)(i)*. Under the statute, a prevailing party covered by immunity "may recover reasonable attorney fees and costs." *Code § 8.01-223.2(C)*. However, the immunity does not extend to statements that the "declarant knew or should have known were false or were made with

---

[10] The record shows that readers of Petrak's post interpreted his comments and conclusions as his subjective personal **_opinion_** rather than literal statements of fact. *See Fuste, 265 Va. at 132* ("[S]tatements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action." (quoting *Yeagle, 255 Va. at 295*)). Several responses to the post illustrate this perception: readers described Petrak's characterization of Sawyers as a **_sexual predator_** as a "stretch," cautioned against making light of the term, and noted that the underlying comments or images did not constitute evidence of predatory behavior. These responses suggest that those readers did not believe the language carrying the alleged defamatory sting to be true but instead viewed it as Petrak's subjective assessment drawn from the disclosed facts. This supports our conclusion that a reasonable reader could perceive Petrak's remarks as subjective commentary rather than independently verifiable factual assertions.

[11] Nothing in our holding is intended to conclude that the phrase "**_sexual predator_**" can never be considered defamation per se. In another context, this phrase may constitute defamation, but that situation is not currently the one before this Court.

reckless disregard for whether they were false." *Code § 8.01-223.2(B)*. In short, if a statement is made with "actual malice," immunity cannot apply. *See id.*

**HN16** The United States Supreme Court has defined actual malice as making a statement "with knowledge that it was false or with reckless disregard **[*15]** of whether it was false or not." *New York Times Co. v. Sullivan, 376 U.S. 254, 280, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964)*. Similarly, the Supreme Court of **Virginia** has explained that to prove actual malice, the plaintiff must show by clear and convincing evidence that the "defendant realized that his statement was false or that he subjectively entertained serious doubt as to the truth of his statement." *Jordan, 269 Va. at 577* (citation omitted). Both cases make clear that for actual malice to be present, the statement at issue must carry a provably false or factual meaning—not an expression of **opinion**. See *Sullivan, 376 U.S. at 280*; *Jordan, 269 Va. at 577*.

Because Petrak's statements are constitutionally protected **opinion**, the jury finding of actual malice cannot stand. As **opinions**, they are not "false" within the meaning of *Code § 8.01-223.2(B)*. **HN17** Additionally, as a matter of law, actual malice cannot be established when the statements convey no provably false or factual meaning, such as pure **opinions** based on fully disclosed facts. Since Petrak's expressions of **opinion** are protected under the *First Amendment* and both parties agree that these expressions regard matters of public concern, specifically Sawyers's fitness for public office, the immunity provided under *Code § 8.01-223.2* applies.

The trial court thus erred in denying Petrak's plea in bar. On remand, the court should determine whether **[*16]** Petrak is entitled to reasonable attorney fees and costs under *Code § 8.01-223.2(C)*.

CONCLUSION

Petrak's statements are protected, non-actionable **opinions** based on fully disclosed facts. The trial court therefore erred in overruling Petrak's demurrer and plea in bar and allowing the defamation action to proceed to a jury trial.

Accordingly, we reverse the judgment and remand for the trial court to determine Petrak's entitlement to attorney fees.

*Reversed and remanded.*

---

**End of Document**