## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA JONES,<br><br>           Plaintiff,<br><br>    v.<br><br>DAN KLEINMAN.<br><br>           Defendant. | Civil Action No. 2:24-CV-10750-BRM-JSA |

### Defendant's Notice of Supplemental Authority

Defendant Dan Kleinman respectfully submits this notice of supplemental authority in further support of his pending Motion for Certification pursuant to 28 U.S.C. § 1292(b) (ECF No. 70-1) and in further support of the arguments raised in his Motion for Judgment on the Pleadings (ECF No. 53), denied by the Court's Opinion and Order of May 26, 2026 (ECF Nos. 67, 68).

On July 7, 2026, after briefing on the Motion for Certification was complete the Third Circuit issued a precedential decision in Wang v. University of Pittsburgh, No. 25-1816 (3d Cir. July 7, 2026) (Bibas, J.), attached hereto as **Exhibit A**. Wang bears directly on the controlling question presented in the Motion for Certification: the proper definition of the public controversy for purposes of the limited-purpose public figure analysis.

In Wang, an academic cardiologist published an article criticizing race-based preferences in medical education. His colleagues and superiors responded with public accusations that he had engaged in professional misconduct and that his article "uses misquotes, false interpretations, and racist thinking," was "scientifically invalid and racist," and contained "deliberate misinformation or misrepresentation." Slip op. at 28, 29, 47.

Three aspects of the Third Circuit's analysis are pertinent here.

First, the Third Circuit defined the relevant public controversy as the wide public debate the plaintiff voluntarily entered, and not as a separate, narrower controversy defined by the accusations themselves:

"Wang appears to be a limited-purpose public figure. He is not famous. But he 'voluntarily inject[ed] himself … into a particular public controversy and thereby bec[a]me[] a public figure for' discussing affirmative action in medicine." Slip op. at 20-21 (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 351 (1974)). Although the challenged statements accused Dr. Wang of academic dishonesty and racism which were accusations of misconduct, not restatements of his views, the Court did not carve out a distinct "controversy" over whether Dr. Wang had actually committed the accused misconduct and then deem him a private figure within that redefined controversy. It held the actual-malice standard governed each accusation, because the statements arose from and responded to the plaintiff's voluntary participation in the underlying public debate about affirmative action in medicine. The dissent agreed on this point. See Dissent at 58 (Shwartz, J., concurring in part and dissenting in part) ("Like my colleagues, I conclude that Wang is a limited purpose public figure . . .").

This is the analysis Defendant urged below. Plaintiff conceded she is a limited-purpose public figure in the public controversy over minors' access to age-inappropriate sexual materials in libraries, and conceded the challenged statements are capable of an understanding relating to that controversy. (ECF No. 67 at 25 n.11.). Under Wang, that ends the inquiry: accusations of misconduct directed at a voluntary, prominent participant in a public debate are measured against the actual-malice standard. The Opinion's contrary approach, redefining the controversy as coextensive with the accusation itself (ECF No. 67 at 29), cannot be squared with Wang.

Second, Wang resolved limited-purpose public figure status at the pleadings stage, on de novo review of a Rule 12(b)(6) dismissal, without discovery.  Slip op. at 13.  This confirms that the question was ripe for decision on Defendant's Rule 12(c) motion and is a pure question of law suitable for interlocutory review.  This reinforces Kleinman's position that the Opinion presents a "controlling question of law" as to which there is now, at minimum, "substantial ground for difference of opinion."  28 U.S.C. § 1292(b).

Third, the Third Circuit emphasized the constitutional stakes of the fault-standard determination in terms that apply with full force to this action: "The New York Times v. Sullivan actual-malice standard is supposed to be a shield for free expression, not a sword to silence disfavored speech."  Slip op. at 30.  And it opened by observing that "the remedy for disfavored speech is more speech, not coerced silence."  Slip op. at 2.

Because Wang is new, binding, precedential authority addressing the precise question presented in the Motion for Certification, Defendant respectfully submits it for the Court's consideration.

Dated: July 27, 2026.                          Respectfully Submitted,

/s/ Vincent S. Verdiramo
Vincent S. Verdiramo, 024691986
vincent@verdiramolaw.com
Verdiramo & Verdiramo Esqs. PA
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
Tel: 201-798-7082

Marc J. Randazza (*PHV Application Sought*)
mjr@randazza.com, ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Defendants.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Vincent S. Verdiramo
Vincent S. Verdiramo, 024691986