**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMANDA JONES,<br><br>Plaintiff,<br><br>v.<br><br>DAN KLEINMAN,<br><br>Defendant. | Case No. 2:24-cv-10750 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Dan Kleinman's ("Kleinman") "Motion for Certification" pursuant to 28 U.S.C. 1292(b), which the Court construes as a Motion to Modify Court Orders (the "Motion") (ECF No. 70-1) pursuant to Federal Rule of Appellate Procedure ("Appellate Rule") 5(a)(3).[1, 2] The Motion seeks to modify for interlocutory appeal the May 26, 2026 Order (ECF No. 68) denying Kleinman's motion for judgment on the pleadings (ECF No. 53). Plaintiff Amanda

[1] As the appropriate vehicle to request modification of an interlocutory order to certify a question for appeal is under Appellate Rule 5(a)(3), not 28 U.S.C. 1292(b), *see Tomaine v. Selip & Stylianou, LLP*, Civ. A. No. 20-156, 2024 WL 3440170, at *1 (D.N.J. July 17, 2024); *compare also* 28 U.S.C. 1292(b) (providing the court of appeals with the authority to review a certified, interlocutory orders), *with* Fed. R. App. P. 5 (providing a party with the authority to move to modify an interlocutory order to include a certification for appeal), the Court construes Kleinman's "Motion for Certification" under 28 U.S.C. 1292(b) as a Motion to Modify Court Orders under Appellate Rule 5(a)(3).

[2] The Motion was filed alongside a Notice of Appeal of the May 26, 2026 Order denying Kleinman's motion for judgment on the pleadings pursuant to the collateral order doctrine. (ECF No. 70; *see also* ECF No. 67 at 1 n.1 (converting Kleinman's "anti-SLAPP" motion into a motion for judgment on the pleadings pursuant to Rule 12(c)).) Kleinman filed the Motion (ECF No. 70-1) with the Notice of Appeal "out of an abundance of caution and to avoid waiver of the question . . . should the [Third Circuit] determine that automatic interlocutory appeal is not available" (ECF No. 70-2 at 5).

Jones's ("Jones") filed an Opposition (ECF No. 72), and Kleinman filed a Reply and Notices of Supplemental Authority (ECF Nos. 73, 75, 76). This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).[3] Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b), for the reasons set forth below and for good cause having been shown, Kleinman's Motion is **DENIED**.

## I. BACKGROUND

The underlying factual and procedural history of this matter are set forth in this Court's May 26, 2026 Opinion denying Kleinman's Motion to Dismiss pursuant to Rule 12(c). (*See* ECF No. 67[4] § I.) Accordingly, the Court incorporates the factual and procedural history sections set forth in same and succinctly recounts only the relevant portions herein.

---

[3] Although the timely filing of a notice of appeal typically divests a district court of its jurisdiction over those aspects of an action involved in the appeal, "a [district] court's jurisdiction is not lost when an appeal is taken from a non-appealable order." *Roudabush v. Bitener*, 722 F. App'x 258, 262 (3d Cir. 2018); *see also Wright v. Elton Corp.*, Civ. A. No. 17-286, 2023 WL 2563178, at *1 n.1 (D. Del. Mar. 17, 2023) (noting a district court retains jurisdiction over subsequent motions that do not disturb the aspects involved in the appeal). Here, Kleinman moves to appeal the May 26, 2026 Order as a right pursuant to the collateral order doctrine. (*See* ECF No. 70-2 at 5.) At this time, the Third Circuit has not addressed whether an order denying a motion for judgment on the pleadings based on a state's anti-SLAPP statute may be appealed as of right under the collateral order doctrine. Other circuits, however, have generally held the denial of such a motion is not appealable as of right. *See Ernst v. Carrigan*, 814 F.3d 116, 119 & n.1 (2d Cir. 2016); *Gopher Media LLC v. Melone*, 154 F.4th 696, 699 (9th Cir. 2025); *Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320, 1328–29 (10th Cir. 2024); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1357 (11th Cir. 2018); *see also Blakesley v. Marcus*, 158 F.4th 90, 97 (1st Cir. 2025) (avoiding the question and reviewing on the order on alternative grounds). *But see Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 181 (5th Cir. 2009); *IQE PLC v. Newport Fab, LLC*, 155 F.4th 1370, 1378 (Fed. Cir. 2025) (reviewing the denial of anti-SLAPP motions under the collateral order doctrine). *But see also Klocke v. Watson*, 936 F.3d 240, 248 (5th Cir. 2019), *as revised* (Aug. 29, 2019) (questioning the *Henry* Court's holdings). Accordingly, this Court assumes it retains jurisdiction to decide the Motion on the basis the May 26, 2026 Order is a non-appealable order or its decision will not disturb those aspects of the action potentially involved in the appeal.

[4] *Jones v. Kleinman*, Civ. A. No. 24-10750, 2026 WL 1470538 (D.N.J. May 26, 2026).

### A. Procedural History

On November 26, 2024, Jones filed the Complaint. (ECF No. 1.) The Complaint alleges two common-law causes of action: defamation (Count One) (*id.* ¶¶ 73–98); and false light (Count Two) (*id.* ¶¶ 99–102). Kleinman filed an Answer on January 21, 2025 (ECF No. 6), which he promptly amended on January 22, 2025 (ECF No. 7).

On October 10, 2025, Kleinman filed the motion for judgment on the pleadings pursuant to Rule 12(c). (ECF No. 53.) Jones filed an Opposition on October 20, 2025 (ECF No. 54), and Kleinman filed a Reply on October 27, 2025 (ECF No. 56). Both Kleinman and Jones additionally filed supplemental briefings. (*See* ECF Nos. 57–66.)

On May 26, 2026, the Court entered an Order denying Kleinman's motion for judgment on the pleadings. (*See* ECF Nos. 67, 68.) In relevant part, the Court held: (1) the statements Jones is a "sexual groomer" or was "sexually grooming" school children are objectively capable of a defamatory meaning, *i.e.*, Jones as a middle-school librarian was "sexually grooming" school children with the intent of sexually abusing the children; and (2) Kleinman had failed to demonstrate Jones was a limited-purpose public figure within the scope of that public controversy. (*See* ECF No. 67 at 21, 32.)

On June 4, 2026, Kleinman filed the Motion seeking to modify the May 26, 2026 Order to certify a question for interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 70-1.) Jones filed her Opposition on June 22, 2026 (ECF No. 72), and Kleinman filed his Reply on June 29, 2026 (ECF No. 73). Kleinman subsequently filed Notices of Supplemental Authority.[5] (ECF Nos. 75, 76.)

[5] Kleinman's Notices of Supplemental Authority cite to *Lewis v. Abramson*, Civ. A. No. 22-126, 2026 WL 2110989 (D.N.H. July 22, 2026) (ECF No. 75), and *Wang v. Univ. of Pittsburgh*, 181 F.4th 301, 314 (3d Cir. 2026) (ECF No. 76), in further support of his argument that the Court was

## II. Legal Standard

Appellate Rule 5(a)(3) governs a motion to amend a non-final order to certify a question for interlocutory appeal. *See* Fed. R. App. P. 5(a)(3) (granting the courts the authority to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement"). The time to petition for interlocutory appeal runs from entry of any amended orders. Fed. R. App. P. 5(a)(3).

The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such an order . . . .

28 U.S.C. § 1292(b).

---

required to first identify whether the moving defendant's proposed public controversy existed and then determine whether the alleged defamatory statements are capable of a meaning relating to same (*see* ECF Nos. 75, 76). The Court finds neither of these opinions to be persuasive within the context of the pending Motion. First, *Lewis* is an unpublished decision entered in another district court and, as such, has limited application within this forum. *See Sunrise Pharm., Inc. v. Vision Pharma, LLC*, Civ. A. No. 17-4074, 2019 WL 13260168, at *2 (D.N.J. Mar. 28, 2019). Furthermore, *Lewis* employed a different test to determine whether the plaintiff was a limited-purpose public figure within a public controversy than that employed within the Third Circuit. *See Lewis*, 2026 WL 2110989, at *6–8 (citing, in part, *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 591 (1st Cir. 1980); *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1296–98 (D.C. Cir. 1980)). In contrast, *Wang* is a binding decision within this forum but has limited application within this action at this time. Notably, *Wang* accepted without review that the plaintiff was a limited-purpose public figure within the scope of a proper public controversy relating to his published article and instead focused on whether the pleading sufficiently alleged the defendants had published allegedly defamatory statements with "actual malice." *See* 181 F.4th at 312–15. Here, the Court determined Kleinman had failed to demonstrate Jones was a limited-purpose public figure within the scope of a proper public controversy (*see* ECF No. 67 at 21, 32), and, as such, Jones was not required to plead Kleinman published the allegedly defamatory statements with "actual malice" to sufficiently allege her defamation claim.

Therefore, a district court may certify an order for interlocutory appeal if (1) the order involves a controlling question of law, (2) there is a "substantial ground for difference of opinion" about that question of law, and (3) immediate appeal may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014).

However, a district court should certify an interlocutory appeal "sparingly" and "only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *Fiscus v. Combus Finance AG*, Civ. A. No. 03-1329, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006) (citing *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996)); *see also Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) ("A motion should not be granted merely because a party disagrees with the ruling of the district judge." (internal quotation marks omitted)). Even if the moving party meets all criteria under Section 1292(b), the district court may still deny certification as "permission to appeal is wholly within the discretion of the courts." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *see also United States v. Riddick*, 669 F. App'x 613, 613 n.2 (3d Cir. 2016) (finding an order denying a request to certify questions for appeal was unreviewable (citing *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979))).

## III. Decision

Kleinman moves to modify the May 26, 2026 Order to certify a question for interlocutory appeal pursuant to Appellate Rule 5(a)(3). (ECF No. 70-1.) Specifically, Kleinman argues interlocutory appeal of the May 26, 2026 Order denying the motion for judgment on the pleadings is appropriate because: (1) the order involves a controlling question of law—*i.e.*, whether Jones

qualifies as a limited-purpose public figure within a public controversy (*see id.* at 10–12); (2) the order involves a substantial ground for difference of opinion—*i.e.*, the identification of the specific public controversy that relates to the allegedly defamatory statements (*see id. at* 12); and (3) an immediate appeal may materially advance the ultimate termination of the litigation—*i.e.*, qualifying Jones as a limited-purpose public figure would either eliminate the need for trial or narrow the issues for discovery (*see id.* at 12–13). The Court reviews each argument in turn.

**A. Controlling Question of Law**

An interlocutory appeal is typically reserved for "pure" and "controlling" questions of law. *See* 28 U.S.C. § 1292(b). A "pure" question of law is one pertaining to "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *ADP, LLC v. Ultimate Software Grp., Inc.*, Civ. A. No. 16-8664, 2018 WL 1838003, at *4 (D.N.J. Apr. 17, 2018) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). "[Q]uestions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Juice Ent., LLC v. Live Nation Ent., Inc.*, 353 F. Supp. 3d 309, 312–13 (D.N.J. 2018) (quoting *Morgan v. Ford Motor Co.*, Civ. A. No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007)); *see also In re Barsan Contractors*, Civ. A. No. 04-12362, 2010 WL 3907116, at *5 (D.N.J. Sept. 30, 2010) ("Misapplication of the law to the facts is not a question of law"). In other words, interlocutory appeal is generally "not suitable for reviewing mixed questions of law and fact." *Johnson v. Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 183 (3d Cir. 2024) (Porter, J., concurring) (citing *Resol. Tr. Corp. v. Cityfed Fin. Corp.*, 57 F.3d 1231, 1236 n.6 (3d Cir. 1995)). "A question is 'controlling' if its incorrect disposition would require reversal of the final judgment." *Kapossy*, 942 F. Supp. at 1001 (internal quotation marks omitted).

Here, Kleinman argues the interlocutory appeal is inappropriate as the May 26, 2026 Order involves a controlling question of law. (*See* ECF No. 70-2 at 6–8.) Specifically, Kleinman claims the Court's determination that Kleinman has failed to demonstrate Jones was a limited-purpose public figure within the scope of a public controversy involves a controlling question of law.[6] (*See id.*) However, the determination of whether a plaintiff qualifies as a limited-purpose public figure is not a pure question of law. Although it is well-established such a determination is in fact a question of law, which must be decided by the reviewing court, *see U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 938 (3d Cir. 1990), it is also well-established that the determination is fact-specific, *see Amor v. Conover*, 635 F. Supp. 3d 363, 368 (E.D. Pa. 2022) (deferring the determination until the later stages of litigation to allow the factual record to be further developed). Accordingly, the determination is a mixed question of both law and fact, which is generally not suitable for interlocutory appeal under Section 1292(b).[7] *See Juice Ent.*, 353 F. Supp. 3d at 312–13; *see also Johnson*, 108 F.4th at 183 (Porter, J., concurring).

---

[6] In support of his argument, Kleinman relies in part on *Hannan v. City of Philadelphia*, 306 F. App'x 735 (3d Cir. 2009), wherein the Third Circuit held interlocutory review to be appropriate for an order denying a defendant a qualified immunity defense under the Petition Clause of the First Amendment. (ECF No. 70 at 10 (citing *See id.* at 737 n.3).) *But see Wren v. Cnty. of Luzerne*, 548 F. App'x 826, 827–28 (3d Cir. 2013) (noting an order denying a qualified immunity defense is appropriate for immediate interlocutory appeal "to the extent that denial turns on an issue of law[,] [h]owever, [the] appellate court lacks jurisdiction when [such] an interlocutory appeal turns on issues of fact" (internal citation omitted)). Kleinman provides no authority in support of the contention that interlocutory review is appropriate for an order determining a plaintiff's status as either a private or public figure for purposes of a litigation. (*See generally* ECF No. 70.)

[7] Kleinman also argues the Court misapplied the relevant test to determine whether a plaintiff qualifies as a limited-purpose public figure by failing to conduct the third step—whether the allegedly defamatory statement was germane to the relevant public controversy. (ECF No. 70 at 11 (citing *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1298 (D.C. Cir. 1980).) As previously noted (ECF No. 67 at 24 n.10), the circuit courts employ various tests to determine if a plaintiff qualifies as a limited-purpose public figure for purpose of a litigation. *See, e.g.*, *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 591 (1st Cir. 1980) (employing two-prong test); *Lerman v. Flynt Distributing Co.*, 745 F.2d 123, 136–37 (2d Cir. 1984) (employing four-

**B. Substantial Ground for Difference of Opinion**

Substantial ground for a difference of opinion "must arise out of genuine doubt as to the correct legal standard." *Hulmes*, 936 F. Supp. at 207. "A party's disagreement with the district court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b)." *Id.* "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (citing *Beazer E., Inc. v. The Mead Corp.*, Civ. A. No. 91-408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006)). However, a court may find a lack of substantial grounds for a difference of opinion even if district and circuit courts have arrived at contrary holdings, provided those holdings are not controlling. *See Smith v. Conseco Life Ins. Co.*, Civ. A. No. 13-5253, 2014 WL 5361746 (D.N.J. Oct. 21, 2014) (citing *Interfaith Cmty. Org., Inc. v. PPG Indus. Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. Mar. 26, 2010)).

Here, Kleinman argues the interlocutory appeal is appropriate as the May 26, 2026 Order involves a substantial ground for difference of opinion. (*See* ECF No. 70-2 at 8.) Specifically, Kleinman claims the determination regarding the specific public controversy that relates to the allegedly defamatory statements is capable of a difference of opinion. (*See id.*). Kleinman contends

---

factor test); *Fitzgerald v. Penthouse Int'l, Ltd.*, 691 F.2d 666, 668 (4th Cir. 1982) (employing five-factor test). The Third Circuit has endorsed a multi-step test to determine same, which requires the court to first determine whether the statements are capable of a defamatory meaning, then identify the relevant public controversy that existed prior to the publication of the allegedly defamatory statements, and finally determine the nature and extent of the plaintiff's participation in the controversy. *See McDowell v. Paiewonsky*, 769 F.2d 942, 945, 948 (3d Cir. 1985); *see*, *e.g.*, *Marcone v. Penthouse Int'l Mag. For Men*, 754 F.2d 1072, 1083 (3d Cir. 1985) ("[A] meat producer that aggressively advertised its product in the media becomes a limited purpose public figure for comment on the quality of its product."). Kleinman cites to no authority in support of the argument a reviewing court in this district is also required to consider whether the allegedly defamatory statement was germane to the relevant public controversy (*see generally* ECF No. 70), nor has this Court found any.

the Court ignored the public controversy he identified in his motion, *i.e.*, the access of minors to LGBTQ and sexual health materials in public libraries. (*See id.* at 10–12.) A proposed public controversy in which Jones had conceded she was a limited-purpose public figure within and in which the allegedly defamatory statements are capable of an understanding relating to same. (*See id.*) However, Kleinman cites no authority in support of the argument a reviewing court must find a plaintiff is a limited-purpose public figure if the allegedly defamatory statements *may* be capable of a meaning relating to a moving defendant's identified public controversy (*see generally id.*), nor has the Court found any.

Rather, it is well-established that the determination of whether a statement is objectively capable of a defamatory meaning and, if so, the determination of whether the statement within its defamatory meaning relates to a public controversy in which the plaintiff is a limited-purpose public figure are both questions of law to be determined by the reviewing court. *See U.S. Healthcare*, 898 F.2d at 938; *see also Johnson v. Purpera*, 2020-1175 (La. 5/13/21), 320 So. 3d 374, 390; *Costello v. Hardy*, 03–1146 (La.1/21/04), 864 So. 2d 129, 139. Kleinman, as the moving defendant, bore the burden of showing either the allegedly defamatory statements are not objectively capable of a defamatory meaning—*i.e.*, could not reasonably be understood by its recipients as stating Jones was "sexually grooming" school children—or the defamatory statements related to a proper public controversy—*i.e.*, there existed a public controversy regarding either Jones "sexual grooming" school children or middle school librarians "sexual grooming" school children, which Jones had voluntarily injected herself into. *See Medure v. Vindicator Printing Co.*, 273 F. Supp. 2d 588, 612 (W.D. Pa. 2002). A burden that cannot be satisfied by the mere and erroneous stipulations of the parties. *See Khalil v. Joyce*, 777 F. Supp. 3d 369, 387 n.18 (D.N.J. 2025) ("What position to take is for the litigants under the party-

presentation principle; but saying what the law is --- that is for the [c]ourt, and can therefore be raised *sua sponte*."); *accord In re Celgene Corp., Inc. Sec. Litig.*, 747 F. Supp. 3d 748, 760 n.17 (D.N.J. 2024); *see also Ulitchney v. Ruzicki*, 412 F. App'x 447, 451 (3d Cir. 2011) ("It is well-settled that courts 'are not bound by the parties' stipulations concerning questions of law.'" (quoting *In re Mintze*, 434 F.3d 222, 228 (3d Cir. 2006))); *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) (noting it is axiomatic a court may not consider after-the-fact allegations included in an opposition to a motion to dismiss "in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"). Accordingly, because Kleinman failed to present sufficient evidence by which to demonstrate Jones was a limited-purpose public figure within such a proper public controversy, there does not exist substantial ground for a difference of opinion pertaining to same.

**C. Materially Advance the Ultimate Termination of the Litigation**

An interlocutory appeal materially advances the litigation's ultimate termination if it will (1) eliminate the need for trial; (2) eliminate complex issues from the action; or (3) eliminate issues that make discovery more difficult and more expensive. *In re Dwek*, Civ. A. No. 10-4259, 2011 WL 487582, *4 (D.N.J. Feb. 4, 2011) (citing *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d. 603, 613 (E.D. Pa. Mar. 26, 2008)). A critical factor is whether the interlocutory appeal will cause excessive delay. *See Hulmes*, 936 F. Supp. at 212 (noting "[d]elay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (quotation and citation omitted)). Furthermore, "[w]here discovery has been ongoing and the case is nearly ready for trial, 'an interlocutory appeal can hardly advance the ultimate termination of the litigation.'" *Knopick*, 963 F. Supp. 2d at 398.

Kleinman argues the interlocutory appeal is appropriate because an immediate appeal of the May 26, 2026 Order may materially advance the ultimate termination of the litigation. (ECF No. 70-2 at 8–9.) Specifically, Kleinman claims re-qualifying Jones as a limited-purpose public figure for purposes of this litigation would either eliminate the need for trial or narrow the issues for discovery. (*See id.*) Although that may be true, at this stage, allowing the factual record to be further developed "is likely more useful than immediate appellate review." *See Cornell Storefront Systems, Inc., v. Mobilflex, Inc.*, Civ. A. No. 23-555, 2026 WL 1831884, at *6–7 (M.D. Pa. June 25, 2026). Notably, the Court's determination that Kleinman had failed to present sufficient evidence by which to demonstrate Jones was a limited-purpose public figure within a proper public controversy was based on the limited record presented at the time. (*See* ECF No. 67 at 32.) The Court neither held Jones cannot be found to be a limited-purpose public figure nor barred Kleinman from filing a subsequent motion with additional evidence in support of same under Rule 56.[8] (*See generally id.*)

Based on the foregoing, Kleinman has failed to demonstrate all three requirements necessary to establish an appropriate need for immediate interlocutory appeal of the May 26, 2026 Order. Even if Kleinman had met his burden, the Court would still retain discretion to deny the request, which it finds good cause to do. *See Bachowski*, 545 F.2d at 368 ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the

---

[8] Kleinman also claims the Court denied him the opportunity to address the "redefined" public controversy. (ECF No. 70 at 7.) Kleinman, however, misconstrues the holding. Kleinman bore the burden to establish the existence of a proper public controversy relating to the allegedly defamatory statements for purposes of this litigation. *See Medure*, 273 F. Supp. 2d at 612. In response, the Court did not "redefine" the public controversy but rather found Kleinman had failed to satisfy his burden by establishing the relevant statements are objectively capable of limited defamatory meanings within his proposed public controversy. (*See* ECF No. 67 § III.B.1.b.ii.)

courts, even if the criteria are present.”). Accordingly, Kleinman’s request to amend the May 26, 2026 Order to certify a question for interlocutory appeal is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Kleinman’s Motion to Modify Court Orders (ECF No. 70-1) pursuant to Appellate Rule 5(a)(3), filed alongside the Notice of Appeal (ECF No. 70) as a “Motion for Certification” pursuant to 28 U.S.C. 1292(b), is **DENIED**. An appropriate order follows.

**Date: August 31, 2026**

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**